## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN P. RALPH,** | : | **CIVIL ACTION NO. 1:21-CV-515** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **KEVIN KAUFFMAN**, *et al.*, | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2254 in which petitioner John P. Ralph seeks release from state custody based on the risks posed by the COVID-19 pandemic.  We will dismiss the petition without prejudice for Ralph's failure to exhaust state court remedies.

### I.    Factual Background & Procedural History

Ralph initiated this case through a petition for writ of habeas corpus on March 22, 2021.  (Doc. 1).  Ralph, who is currently incarcerated in the State Correctional Institution-Huntingdon ("SCI-Huntingdon"), asserts that he is at high risk of severe infection from COVID-19 because he was born in 1956 and suffers from heart disease and diabetes.  (Id.)  Ralph alleges that there have been hundreds of confirmed cases of COVID-19 in SCI-Huntingdon, which put him at risk of contracting the virus.  (Id.)  He seeks release from state custody or placement in home confinement.  Respondents responded to the petition on April 22, 2021, arguing that the petition should be dismissed for failure to exhaust state court remedies, or, alternatively, that it should be denied on its merits.  Ralph has not

filed a reply brief in support of the petition, and the deadline for doing so has expired.

**II.**   **Discussion**

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan, 526 U.S. at 842.  The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id.  Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies.  DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

There is no exception to the exhaustion requirement for claims based on the COVID-19 pandemic.  State prisoners seeking habeas corpus relief based on the risks posed by COVID-19 are required to exhaust state court remedies prior to filing suit in federal court.  See, e.g., Valdez v. Kauffman, No. 3:21-CV-375, 2021 WL 1425300, at *2-3 (M.D. Pa. Apr. 15, 2021) (Mannion, J.); Ginn v. Kauffman, 1:21-CV-508, 2021 WL 1340140, at *2-3 (M.D. Pa. Apr. 9, 2021) (Wilson, J.); Davis v. Kauffman, No. 1:21-CV-277, 2021 WL 1225930, at *3-4 (M.D. Pa. Apr. 1, 2013) (Rambo, J.).

Pennsylvania law provides at least two procedures for Ralph to pursue his claims in state court.  Ralph may file a petition for state habeas corpus relief under 42 Pa.C.S. § 6502, as the courts of Pennsylvania specifically recognize that state

habeas corpus relief may be granted based on the conditions of a prisoner's confinement.  See, e.g., Commonwealth ex rel. Bryant v. Hendrick, 280 A.2d 110, 113 (Pa. 1971); Moss v. SCI – Mahanoy Superintendent Pa. Bd. of Probation & Parole, 194 A.3d 1130, 1137 (Pa. Commw. Ct. 2018).  Ralph may also seek compassionate release pursuant to 42 Pa.C.S. § 9777.

The record reflects that Ralph has not sought habeas corpus relief, compassionate release, or any other form of relief in state court before bringing the instant petition.  Dismissal for failure to exhaust state court remedies is therefore appropriate.

## III.   Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for failure to exhaust state court remedies.  A certificate of appealability will not issue because jurists of reason would not debate that Ralph states a valid claim of a denial of a constitutional right or that the court's procedural ruling is incorrect.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 27, 2021